### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Carpenters Fringe Benefit Funds of Illinois, et al. | ) | |
|        Plaintiff, | ) | |
| v. | ) | No. 08 CV 3346 |
| | ) | |
| Longshore/Daly, Inc., an Illinois corporation, | ) | |
|        Defendant. | ) | |

### Answer to Complaint

NOW COMES the Defendant, Longshore/Daly, Inc., through its attorneys, Anderson & Moore, P.C., and responds to Plaintiff's Complaint as follows:

**Complaint No. 1:**

This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**Answer:**

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

**Complaint No. 2:**

Plaintiffs, the CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS, are various welfare, pension and related joint, labor-management funds and bring this action as "employee welfare benefit funds," and "plans," under ERISA and Plaintiff, MICHAEL T. KUCHARSKI, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this district.

**Answer:**

Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

**Complaint No. 3:**

Defendant is obligated to make fringe bent5ributions to the Funds, under the terms of the certain "Agreements and Declarations of Trust," establishing and outlining the administration of these Funds, and, pursuant to the terms of a collective bargaining agreement adopting these "Agreements and Declarations of Trust" and entered into by Defendant.

**Answer:**

Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

**Complaint No. 4:**

As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

(e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

    (g)    To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

**Answer:**

Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

**Complaint No. 5:**

Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respect:

Defendant has failed and refused to submit all of its reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs.

**Answer:**

Defendant admits a partial failure, but not a refusal.

**Complaint No. 6:**

That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $13,958.80, known to be due Plaintiffs from Defendant, subject however to the possibility that additional monies may be due Plaintiffs from Defendant based upon Defendant's failure to submit all required reports, or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

**Answer:**

Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

**Complaint No. 7:**

Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**Answer:**

Defendant admits a partial failure, but not a refusal.

**Complaint No. 8:**

  Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**Answer:**

  Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

  WHEREFORE, the Defendant requests a dismissal of Plaintiff's lawsuit.

            Respectfully Submitted,


            /s/ Thomas S. Moore
            One of the Attorneys for
            Longshore/Daly, Inc.


Thomas S. Moore
Jane F. Anderson
Anderson & Moore, P.C.
111 W Washington
Suite 1100
Chicago, IL   60602
(312) 251-1500

**Certificate of Service**

I hereby certify that on July 31, 2008, I electronically filed the Answer to Plaintiff's Complaint on behalf of Longshore/Daly, Inc. with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Catherine M. Chapman
Patrick N. Ryan
Cecilia M. Scanlon
Attorneys for Plaintiffs
Baum Sigman Auerbach & Neuman
200 W Adams Street, Suite 2200
Chicago, IL   60606

Respectfully Submitted:

/s/ Thomas S. Moore
Anderson & Moore, P.C.
111 West Washington Street
Suite 1100
Chicago, IL   60602